IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ABBOTT LABORATORIES,  )
an Illinois Corporation,  )
 )
        Plaintiff,  )  Civil Action No. 09 CV 1586
 )  Judge Robert M. Dow, Jr.
vs.  )  Magistrate Judge Jeffrey Cole
 )
MATRIX LABORATORIES INC.,  )
MATRIX LABORATORIES LTD., and  )
MYLAN INC.  )
 )
        Defendants.  )

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's April 3, 2009 Order and its Case Management Procedures, Plaintiff Abbott Laboratories and Defendants Matrix Laboratories Inc., Matrix Laboratories Ltd., and Mylan Inc. submit this Joint Initial Status Report.

**A.   ATTORNEYS OF RECORD**

   **1.   Representing Plaintiff**

*Local Counsel:*
Lynn H. Murray
Claudia M. Rustad
Elizabeth S. Elmore
GRIPPO & ELDEN LLC
111 South Wacker Drive,
Suite 5100
Chicago, IL 60606
Tel: (312) 704-7700

*Lead Counsel:*
Gerald F. Ivey
Barbara R. Rudolph
Rebecca D. Hess
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
901 New York Ave NW
Washington DC 20001
Tel: (202) 408-4000

The attorneys expected to try the case for Plaintiffs are: Gerald F. Ivey, Barbara R. Rudolph, Rebecca D. Hess, and Lynn H. Murray.

2. **Representing Defendants**

   Douglas C. Hochstetler
   Thomas B. Quinn
   Sailesh K. Patel
   Jason G. Harp
   Amethyst C. Smith
   SCHIFF HARDIN LLP
   6600 Sears Tower
   Chicago, IL 60606
   Tel: 312 258-5500

All of the foregoing attorneys are expected to be part of the trial team, with Messrs. Hochstetler and Quinn serving as lead trial counsel.

**B.   BASIS FOR FEDERAL JURISDICTION**

This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C.   NATURE OF THE CASE**

This is a patent infringement action brought by Plaintiff under 35 U.S.C. § 271(e)(2) and the Hatch-Waxman Act. Plaintiff alleges that Defendants infringed U.S. Patent Nos. 7,148,359 ("the '359 patent") and 7,364,752 ("the '752 patent") (collectively, the "Patents"), two of the patents covering Plaintiff's HIV treatment (sold commercially as Kaletra® tablets) by filing an Abbreviated New Drug Application ("ANDA No. 91-202") to obtain approval from the United States Food and Drug Administration ("FDA") to manufacture and commercialize generic versions of Kaletra® tablets. Plaintiff seeks to enjoin final FDA approval of ANDA No. 91-202, and to enjoin Defendants from commercializing and/or importing its proposed generic products until after the expiration of the patents in suit and any exclusivity to which Plaintiff is or becomes entitled. Defendants allege that the claims of the '359 and '752 patents are not infringed and/or are invalid.

**D.   PARTIES WHICH HAVE NOT BEEN SERVED**

All parties of record have been duly served.

**E.   PRINCIPAL LEGAL ISSUES**

The parties anticipate the principal legal issues in this case will relate to the construction, infringement, and validity of the claims in the Patents.

**F.   PRINCIPAL FACTUAL ISSUES**

The parties anticipate the principal factual issues in this case will relate to (1) the state of the art, and the knowledge and skill of a hypothetical person of ordinary skill in the art, at the time of the inventions claimed in the Patents, (2) whether the prior art renders the '359 patent and/or the '752 patent invalid, and (3) whether the Defendants' proposed generic products and their use will infringe and induce infringement of the Patents.

2

G.  **JURY TRIAL**

A jury trial is not requested and is not permitted in this case.

H.  **ANTICIPATED DISCOVERY**

The parties have not conducted any discovery to date.

1.  **Plaintiff's Anticipated Discovery**

Plaintiff anticipates seeking discovery from Defendants regarding Defendants' infringement of the Patents (including, but not limited to, Defendants' research, development, manufacture, testing, and past or future marketing or sale of generic versions of Kaletra® tablets), the preparation, filing, and review of Defendants' ANDA(s) covering generic versions of Kaletra® products, and the basis for Defendants' invalidity defenses. Because one of the Defendants, Matrix Laboratories, Ltd., is located in India, Plaintiff may need to obtain discovery from facilities and individuals located in foreign countries, and documents produced may require translation.

2.  **Defendants' Anticipated Discovery**

Defendants anticipate seeking discovery from the Plaintiff relating to the following subjects, among others: the prosecution of the Patents and any related patent or patent application; the validity of the Patents; Defendants' alleged infringement of the Patents; research, testing and development relating to the subject matter of the Patents and related prior art (including, without limitation, PDD 7474 and PDD 7475); conception, reduction to practice and best modes for the claimed inventions in the Patents; research, development, production and distribution of Kaletra®, any Examples identified in the Patents, or other drugs, compositions or products allegedly covered by the Patents; ownership of the Patents; relevant prior art; study, analysis and testing of Defendants' products or other products allegedly covered by the Patents; samples of Kaletra® and any other composition covered by the Patents; and alleged secondary considerations relating to the validity of the Patents.

3.  **Electronic Discovery**

The parties have not yet arrived at an agreement regarding electronic discovery, but agree to discuss the issue. Depending upon the type and scope of discovery requests served in this case, the parties may have a substantial volume of electronic documents. One or more parties may seek the entry of one or more protective orders directed to the search for and production of electronically stored information. The parties agree to work in good faith to resolve any electronic discovery issues that arise.

4.  **Limitations on Discovery**

Plaintiff requests each party be allowed to take **fifteen depositions**, and that each of those depositions be limited to **seven hours, as set forth in Federal Rule 30(d)(1)**, unless good cause can be shown. Depositions of witnesses requiring a foreign language interpreter may extend up to twelve hours.

Defendants request each party be allowed to take a total of **twenty-two depositions** and that each party may designate **up to five depositions that may extend to fourteen hours**.

The parties agree that during fact discovery Plaintiff may request twenty-five interrogatories, including all subparts, and that Defendants (collectively) may request twenty-five interrogatories, including all subparts. The Defendants will be considered as one party for the limitations set forth in this section. Plaintiff and Defendants agree that any party may seek leave of Court to modify these limitations upon a showing of good cause.

5. **Proposed Discovery Deadlines**

| Event | Plaintiff's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| **Parties exchange initial disclosures** | June 26, 2009 | June 26, 2009 |
| **Deadline to join parties and amend pleadings** | February 12, 2010 | Apr. 9, 2010 |
| **Fact discovery complete** | May 7, 2010 | One month after the Court issues a claim construction ruling. |
| **Exchange Preliminary Claim Construction Charts** | May 14, 2010 | June 18, 2010 |
| **Submit Joint Claim Construction Chart** | June 4, 2010 | July 12, 2010 |
| **Opening Claim Construction Brief** | June 25, 2010 | August 2, 2010 |
| **Responsive Claim Construction Brief** | July 16, 2010 | August 23, 2010 |
| **Reply Claim Construction Brief** | July 30, 2010 | September 7, 2010 |
| **Final Joint Claim Construction Chart** | August 6, 2010 | September 14, 2010 |
| **Submit Joint Prehearing Statement** | Two weeks before claim construction hearing | Two weeks before claim construction hearing |
| **Claim Construction Hearing** | Date to be determined by the Court | Date to be determined by the Court |
| Close of Supplemental Fact Discovery Period, *only if necessitated by claim construction ruling.* | One month after Claim Construction Ruling | One month after Claim Construction Ruling |
| **Initial Expert Reports** Due (On Issues For Which the Party Bears the Burden of Proof) | October 15, 2010 | One month after Close of Fact Discovery |
| **Rebuttal Expert Reports** | November 12, 2010 | Two months after receipt of Initial Expert Reports |
| **Reply Expert Reports** | December 3, 2010 | May not be necessary |
| **Completion of Expert Depositions and Close of Expert Discovery** | January 14, 2011 | Two months after receipt of Rebuttal Expert Reports |
| **Initial Dispositive Motions** | January 28, 2011 | One month after Close of Expert Discovery |
| **Trial** | mid-June 2011 | Set after Court rules on dispositive motions |

4

As noted below, Defendants intend to seek a stay of the proceedings until approximately July 1, 2014, in which case the following proposed dates would be appropriately modified to reflect an exchange of initial disclosures on or about July 1, 2014.

### 6. Protective Order

Both parties recognize the need for a comprehensive protective order in this case. The parties will negotiate the terms of a protective order, and intend to file with the Court a joint motion for a stipulated protective order by June 26, 2009.

### I. TRIAL

At this stage of the proceedings, a trial date and estimated length trial are difficult to ascertain, but Plaintiff estimates it will be ready for trial in June 2011, and estimates the trial will take ten (10) days. Defendants believe it would be more prudent to defer an estimate until the close of discovery, but based on currently anticipated discovery would suggest that the trial length would last at least fifteen (15) days.

### J. MAGISTRATE JUDGE

The parties have not consented to trial of this case by a Magistrate Judge.

### K. SETTLEMENT

Both parties agree that a settlement conference or settlement discussions would not be productive at this very early stage of the litigation. However, the parties are open to the possibility of a settlement conference and/or settlement discussions in the future.

### L. POTENTIAL MOTIONS TO BE FILED

It is Defendants' position that inasmuch as FDA approval of ANDA 91-202 cannot be effective until December 26, 2016, which is the latest expiration date of Plaintiff's patents certified by Defendants under 21 U.S.C. § 355(j)(2)(A)(vii)(III), Defendants intend to move for an administrative stay of this action until approximately July 1, 2014. Defendants believe staying the action until that date would conserve judicial resources, yet allow ample time to litigate the dispute before the product at issue may be marketed and sold. Plaintiff cannot consent to such a stay at this time, but will consider Defendants' motion if and when such a motion is filed.

Dated: May 12, 2009.

s/ Elizabeth S. Elmore
Attorneys for Abbott Laboratories
GRIPPO & ELDEN LLC
111 South Wacker Drive,
Suite 5100
Chicago, IL 60606
Tel: (312) 704-7700

Thomas B. Quinn
Attorneys for Defendants
Matrix Laboratories, Inc., Matrix Laboratories, Ltd., and Mylan, Inc.
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Tel: 312 258-5500